By the Court.—Sedgwick, Ch. J.
The action was for damages for the conversion of personal property.
The judgment must be reversed for a want of proof *382 of the value of certain articles, a value of which based upon incompetent testimony, was reported favorably to the plaintiff to an important extent. Certain witnesses, acquainted with market values, testified that by use the depreciation of the articles was of different percentage specified by them. This was not a basis of an estimation of values in the absence of proof of what was thoriginal value. No propf was given, unless it was in the testimony of the plaintiff herself. Some of the articles had been bought by her not in shops, but by private bargain with persons not in trade; that is, the plaintiff did not buy these articles in the market. What she gave for these she at first testified to, but her testimony on that point did not prove value. Other articles had been gifts to plaintiff, and she was not competent as a witness to their value. tIndeed all the testimony of the plaintiff as to the value of articles which she did not buy in shops or stores, was stricken out. This testimony being out of the case, the plaintiff should not have recovered as she did, the value that was assigned to them by the referee.
The force of these objections, it is argued for respondent, does not call for a reversal, because the value of the articles converted was admitted by the defendant to the extent to which there was a recovery. This admission it is claimed appears in a policy of fire insurance, taken out on the order of the defendant, and the articles insured in it are insured as the property of the plaintiff, the loss being payable to her. In it the value of the property is given. The testimony shows that the plaintiff ordered a witness to procure the policy and to have the property insured as belonging to the plaintiff, but the defendant did not give any directions as to the amount of the insurance, but told the witness to have the valuation made by the plaintiff. The plaintiff accordingly made the valuation in the absence of the defendant, and it was inserted in the policy. There is no proof that the defendant ever knew what valuation had been inserted in the policy. The preponderance of tes *383 timony is to the contrary. Although the policy might have been evidence as to the ownership of the property, it was not evidence of its value. I am of opinion that the objections have not been met.
The plaintiff and defendant had been husband and wife. The plaintiff claimed that the property in question had been for the most part given to her by the defendant, before the marriage had been dissolved. After the gifts had been made, as she claimed, she went to a jeweller’s shop and ordered a valuable pair of earrings. The jeweller, was informed by the defendant that he would not pay for articles not bought by himself. A clerk was sent to the dwelling of the plaintiff and he there told her that the articles could not be sent to her, because of her husband’s instructions. She became very excited, and with repeated oaths said she would smash everything in the house; that she would get even with him. The witness to this testified that he left her still swearing that she would get even with her husband, if these stones were not sent up at once. The referee, on the motion of counsel for plaintiff, struck this from the evidence, as irrelevant and immaterial.
I am of opinion that the referee should have retained the testimony and used it, in arriving at a conclusion, from the whole case. For the most part, the plaintiff’s title arose from words of gift as to which she was in several instances the sole witness. In all cases testimony as to words, should be examined with caution, and especially in this case, where a slight change of words, almost a difference of intonation, would make a declaration of a gift when there was none in fact made. Animosity, a vindictive feeling toward the defendant, might give the witness a bias, which should be considered in ascertaining the exact weight of the evidence. I think the testimony stricken out was pertinent to proof of such a bias.
Moreover, there was a direct conflict between the parties as witnesses as to whether there had been the gifts *384 claimed by plaintiff. It would have been under the evidence proper for the referee to consider whether the plaintiff proposed in her threats to smash her own property to. get even with the defendant, or to smash his property with such a purpose. The referee was not bound to,any particular construction of her threats. A construction should have been given in connection with all the facts. If irrespective of the due weight of this testimony the scales were but slightly in favor of the plaintiff, they might have been turned in favor of the defendant if the threats had been considered. As the case stands I do not perceive such a preponderance of testimony in favor of the plaintiff, that a consideration of this testimony could not have changed it.
In determining this appeal, it is not intended to pass one way or the other, upon the sufficiency of the facts to show the gifts claimed by the plaintiff. The first impression might be that it did not appear that the referee applied any rule of law erroneously. Yet the merits of such cases are so dependent upon the specific testimony given, that no aid can be furnished to the new trial in advance of the knowledge of what will then appear.
The "judgment should be reversed, the order of reference vacated, and a new trial ordered with costs to abide event.
Freedman and O’Gorman, JJ., concurred.